```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:13-cr-21-FtM-29UAM

GREGORY WAYNE EAGLE

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Withdraw Plea of Guilty and Request for a Jury Trial (Doc. #30) and Motion to Withdraw as Counsel (Doc. #31), both filed on November 6, 2013. An Amended Motion to Withdraw Plea (Doc. #33) was filed on November 8, 2013. On November 12, 2013, at the time scheduled for the sentencing hearing, the Court heard argument from counsel and testimony from defendant Gregory Wayne Eagle (defendant or Eagle). (Doc. #36.) The Court took the motions under advisement, and the government filed a transcript of defendant's guilty plea proceeding on November 27, 2013. (Doc. #38.) On December 3, 2013, the Government's Response to Amended Motion to Withdraw Plea (Doc. #40) was filed, and on December 13, 2013, Defendant's Response (Doc. #41) was filed. On December 18, 2013, defendant filed an Amended Motion to Withdraw [as Counsel] (Doc. #42).

### I.

Having pled guilty and received a Presentence Report, defendant Eagle now seeks to withdraw his guilty plea and proceed

to trial. A defendant in a criminal case has no absolute right to withdraw a guilty plea prior to the imposition of sentence. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). However, pursuant to Fed R. Crim. P. 11(d), a defendant may be permitted to withdraw an accepted guilty plea before the court imposes sentence, if defendant establishes a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). This standard applies where the district court has accepted a guilty plea but deferred decision on whether to accept a plea agreement. United States v. Hyde, 520 U.S. 670 (1997). The defendant bears the burden on his motion to withdraw his guilty plea. United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006). Whether to grant a motion to withdraw a guilty plea is a matter within the sound discretion of the district court. Id.

In determining whether a defendant has shown a "fair and just reason," the court evaluates the totality of the circumstances, including: (1) whether the defendant had close assistance of counsel; (2) whether his plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced by the withdrawal. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006)(citing Buckles, 843 F.2d at 472); United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003)(citing Buckles, 843 F.2d at 472). If defendant does not satisfy the first two prongs of the Buckles analysis, the court

need not "give particular attention" to the others. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987). The Court may also consider the timing of the motion, i.e., the time between the entry of the plea and the motion to withdraw may indicate the defendant's motivation. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987). "The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." Buckles, 843 F.2d at 473. The district court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." Buckles, 843 F.2d at 473.

**II.**

The court file reflects the following chronology. On February 14, 2013, defendant Eagle, represented by retained counsel, filed a written Waiver of Indictment (Doc. #1) consenting to the filing of an Information (Doc. #2) charging four counts of Bank Fraud in violation of 18 U.S.C. § 1344, one count of Mail Fraud in violation of 18 U.S.C. § 1341, and one count of Wire Fraud in violation of 18 U.S.C. § 1343. Also on February 14, 2013, defendant filed a fully executed Plea Agreement (Doc. #3) in which, among other things,

defendant agreed to plead guilty to the six counts in the Information in exchange for the government's promise not to charge him with other federal offenses then known to the U.S. Attorney's Office related to the conduct giving rise to the plea agreement.

On March 14, 2013, defendant had his initial appearance. (Doc. #10.) The magistrate judge accepted defendant's Waiver of Indictment (Doc. #11), and defendant pled guilty to the six counts before the magistrate judge. (Doc. #38.) The details of this guilty plea colloquy will be discussed below. The magistrate judge filed a Report and Recommendation Concerning Plea of Guilty (Doc. #15) in which she noted that she had cautioned and examined defendant under oath, and determined that defendant's guilty pleas to Counts 1 through 6 were knowledgeable and voluntary and that the offenses were supported by an independent basis in fact. The magistrate judge recommended that defendant's guilty pleas be accepted and defendant be adjudged guilty. The parties waived the objection period to the Report and Recommendation, and on March 15, 2013, the undersigned filed an Acceptance of Guilty Plea and Adjudication of Guilt (Doc. #16) in which the guilty pleas were accepted and defendant was adjudged guilty of Counts One through Six of the Information. Sentencing was scheduled for July 8, 2013.

On June 18, 2013, defendant filed a Motion to Continue Sentencing for 60 Days (Doc. #18). Defendant, through counsel, represented that he had been cooperative throughout the case; that

defendant had given a complete noncustodial, voluntary statement to an agent of the Federal Bureau of Investigation (FBI) eighteen months previously; that defendant had again voluntarily met with the FBI agent; that counsel had received the initial draft of the Presentence Investigation Report, which had taken 90 days to prepare due in part to voluminous information provided to the probation officer by defendant and his counsel; that defendant had met with the probation officer and provided other documentation; and that counsel needed additional time to speak with the probation officer to attempt to resolve issues which, while not necessarily in dispute, needed clarification. (Id., pp. 1, 2.) Defense counsel provided a list of four areas in which he was still obtaining documentation, including interviews with victims, updated information concerning a lawsuit filed by defendant and others in New York against Wells Fargo and others, a civil complaint being investigated by the FBI in New York concerning potential defendants located in California, and a local lawsuit filed against First National Bank of Pennsylvania. (Id., pp. 3, 4.) The government did not oppose the motion (Doc. #19), and the Court entered an Order (Doc. #20) continuing the sentencing until September 9, 2013.

On August 29, 2013, defendant filed a second Unopposed Motion for Sixty (60) Day Continuance (Doc. #22). The stated purpose of the continuance was to resolve or narrow issues relating to a determination of "loss" under Sentencing Guidelines § 2b1.1, and

thereby "avoiding a substantial waste of judicial resources." (Id.)  On August 29, 2013, the undersigned entered an Order (Doc. #23) granting the motion and continuing sentencing until November 12, 2013.

The Government's Sentencing Memorandum (Doc. #25) and the Government's Amended Sentencing Memorandum (Doc. #26) were filed on November 4, 2013.  Defendant filed a sentencing Memorandum of Law with Attachment (Doc. #28) on November 6, 2013.  On the same day, defendant filed his motion to withdraw his guilty plea.

## III.

As his "fair and just reasons" for withdrawal of his guilty pleas, defendant asserts the following.  In the original motion, defendant simply stated that he "independently came to the firm and fixed opinion on November 6, 2013 that he is not guilty of the offenses" and that a jury trial would be in his best interest. (Doc. #30, ¶ 1.)  In his amended motion, defendant stated his decision to plead guilty "was never an abiding one," (Doc. #33, ¶ 7), but his better judgment was overcome by the explanation that he was technically guilty and that it was in his best interest to plead guilty, (id., ¶ 1), and he was "overwhelmed by the sentencing guidelines and the negative ramifications of going to trial," (id., ¶ 7).  Defendant further stated that he had no intent to defraud, that additional facts discovered after his plea increase his chances of being acquitted at a trial, and that his alleged false

statement to the bank was not material because the bank knew of the investors he is accused of not disclosing. (Id., ¶¶ 3-8.)

Defendant testified before the undersigned that he was not trying to defraud the bank out of money, but was scammed by Wells Fargo in another potential transaction. Defendant testified that his attorneys told him that if the government had to indict, he would be essentially charged with racketeering, and he thought he would get something light by pleading guilty. Defendant stated that he does not understand the law about what makes him guilty of bank fraud, and his intent is to pay it all back. Defendant also testified he was told things could be easy if he pled guilty, but he still does not know what "easy" is. Defendant further testified that he believed a witness would testify the bank knew there were other investors, although he did not know that for a fact. Defendant testified that he initialed the Plea Agreement because he was told he basically had to do so, and that he was "told" to plead guilty, and did not really understand. Defendant testified that he signed a Plea Agreement admitting the facts because of intimidation and while under great duress. When asked if he lied to the magistrate judge, defendant stated that he "thought there would be something different coming my way for cooperating. But again, I did not agree with it." (Doc. #36, p. 67.) Defendant testified that he was innocent, and wanted a trial.

Defendant also filed a post-hearing Affidavit (Doc. #41-1) in which he reiterated that he had cooperated with the government, was innocent, and was intimidated into pleading guilty.

**A.  Defendant Had Close Assistance of Counsel**

The record clearly establishes that defendant has had the close assistance of counsel both before and during this case. Defendant gave a voluntary statement to the FBI some eighteen months prior to the filing of the Information, and sometime after the statement retained the services of Wilbur Smith and Joseph Viacava, both experienced Fort Myers criminal defense attorneys. Counsel engaged in discussions and negotiations with the government, which resulted in an agreed-upon Information in lieu of indictment and a Plea Agreement which limits defendant's federal criminal exposure to the six counts in the Information.  During the guilty plea colloquy defendant expressed complete satisfaction with defense counsel's services, and defense counsel have continued to aggressively represent defendant in connection with the preparation of the Presentence Report and in preparation for sentencing.  This factor clearly weighs against allowing defendant to withdraw his guilty pleas.

**B.  Guilty Pleas Were Knowing and Voluntary**

A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea.  United

States v. Brown, 586 F.3d 1342, 1346 (11th Cir. 2009). As noted above, the Court applies a strong presumption that statements made under oath during a plea colloquy are truthful. Medlock, 12 F.3d at 187. Consequently, the defendant bears a heavy burden to show a statement made under oath at a plea colloquy was false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). Further, a defendant seeking to set aside a guilty plea "must at the very least show that correct information would have made a difference in his decision to plead guilty." United States v. Schubert, 728 F.2d 1364, 1365 (11th Cir. 1984).

Defendant and his attorneys signed a written Plea Agreementand defendant initialed every page of the Plea Agreement. (Doc. #3.) Among other things, the Plea Agreement identified the counts to which defendant would plead guilty, set forth the elements and maximum penalties of those counts, and provided that no additional charges would be filed by the U.S. Attorney's Office. (Id.) The Plea Agreement also stated that defendant was freely and voluntarily pleading guilty without any threats, force, intimidation or coercion of any kind. (Id.) The Plea Agreement contained a statement of "Facts" section consisting of approximately six pages which defendant certified he admitted as true. (Id., pp. 14-19.)

The Plea Agreement, along with the Information, were filed with the Court on February 14, 2013, and defendant entered his

guilty pleas. The transcript of the proceedings establishes that defendant waived his right to an indictment and consented to the filing of the Information. (Doc. #38.) Defendant was then placed under oath, and instructed that if he did not understand something he should let the magistrate judge know. (Id., pp. 4, 5.) Defendant was also told he could speak with his attorney any time he needed to do so. (Id.) Further, defendant was told that if he knowingly and intentionally made any false statements or omissions his testimony would be subject to prosecution for perjury, and that his testimony could be used against him in the future. (Id., p. 5.)

Defendant told the magistrate judge that he clearly understood where he was, what he was doing, and the importance of the proceedings. (Id., pp. 6, 7.) Defendant also stated that he had read the Information and understood the charges, had reviewed the Information with his attorney, and was satisfied with the service and advice given by his attorney, about whom he had no complaints. (Id., p. 7.) Defendant told the magistrate judge that he was willing to enter a plea of guilty to the charges in the Information because he was guilty of those charges, and stated that no one had threatened or forced him to enter the guilty pleas. (Id., pp. 7, 8.)

Defendant told the magistrate judge that he had read the Plea Agreement, signed it, initialed every page, discussed it with his

attorney prior to signing it, and understood it. (Id., pp. 8, 9.) Defendant stated that he understood the recommendations in the Plea Agreement were not binding on the Court, and he would not be allowed to withdraw his guilty pleas if the Court did not follow the recommendations. (Id., pp. 9, 10.) Defendant stated that the Plea Agreement contained all the promises made to him, and there were no verbal promises or representations. (Id., p. 10.) The magistrate judge pointed out the paragraph dealing with defendant's cooperation with the government, which defendant said he had read carefully. (Id., pp. 10, 11.)

The magistrate judge then identified the six counts to which defendant intended to plead guilty and advised defendant of the maximum penalties. (Id., pp. 11, 12.) Defendant stated he understood both the charges and the penalties. (Id., p. 12.) The magistrate judge discussed the Sentencing Guidelines with defendant, who stated his attorney had also discussed the Sentencing Guidelines with him. (Id., pp. 13-15.) Defendant stated that he understood that even though his attorney may make a prediction as to the applicable Sentencing Guidelines range, defendant would not be allowed to withdraw his guilty plea if his attorney's prediction was incorrect. (Id., p. 15.)

The magistrate judge advised defendant of his rights in accordance with Fed. R. Crim. P. 11, and obtained a waiver of those rights. (Id., pp. 16-23.) The magistrate judge informed defendant

of the elements of each of the offenses, each of which included an intent to defraud, and defendant stated that he understood those elements. (Id., pp. 24, 25.) Defendant further stated that he had carefully read the factual basis set forth in the Plea Agreement, and that he agreed with all of those facts. (Id., pp. 25, 26.) The magistrate judge then elicited a factual basis from defendant for each count, including the intent to defraud. For example, as to Count One, the magistrate judge stated: "You submitted that affidavit intending to defraud the financial institution of money, correct?" Defendant replied "Yes." (Id., pp. 27, 28.) As to Count Three, the magistrate judge asked: "And by filing the affidavit with that particular bank would you also agree that you intended to defraud the financial institution of those monies?" Defendant replied "Yes." (Id., p. 30.) As to Count Four, the magistrate judge asked: "And you continued then to intend to defraud that financial institution of those monies correct?" Defendant again replied "Yes." (Id., p. 32.)

At the conclusion of the inquiry, the magistrate judge asked defendant if he still desired to enter a plea of guilty to the counts in the information, and defendant said "Yes." (Id., p. 35.) The magistrate judge then asked: "Is there anything else that you want to tell me or ask me or your attorneys that bears on your decision to enter a plea of guilty to the information?" (Id.) Defendant replied "No." (Id., p. 36.) When asked how he pled to

the six counts, defendant said "Guilty," and stated that he was freely and voluntarily entering the pleas of guilty. (Id.)

The magistrate judge made determinations that defendant's guilty pleas were knowingly, voluntarily and intelligently made, and that the pleas were not the result of any threats or promises. (Id.) The undersigned accepted these determinations and adjudicated defendant guilty of all six counts. (Doc. #16.)

The Court finds that defendant Eagle's guilty pleas were entered freely, voluntarily, and knowingly. While defendant attempts to distance himself from the detailed record establishing that he entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea, defendant's testimony at the November 12, 2013 hearing and his Affidavit (Doc. #41-1) fail to satisfy his heavy burden. Defendant confuses motive, which the government need not prove, with intent to defraud. While defendant told one federal judge under oath that he had no such intent, he told a federal magistrate judge under oath no less than four times that he did have such an intent to defraud. Defendant told one federal judge he had been threatened, coerced, and intimidated, yet told the federal magistrate judge under oath that no one had done any such thing. Defendant told the magistrate judge that he understood everything, yet told the district judge he essentially understood nothing. Defendant repeatedly told the magistrate judge under oath that he

was guilty of the offenses, yet now asserts innocence. The Court finds that defendant's testimony concerning innocence, intimidation, and coercion is not credible or worthy of belief. Because the guilty pleas were entered freely and voluntarily, this factor weighs against allowing defendant to withdraw his guilty pleas.

**C. Judicial Resources and Government Prejudice**

Because defendant does not satisfy the first two prongs of the Buckles analysis, the Court need not "give particular attention" to the others: whether judicial resources would be conserved and whether the government would be prejudiced by the withdrawal. Gonzalez-Mercado, 808 F.2d at 801. However, even if the Court were to consider these prongs, they would both weigh against defendant. If the Court were to allow defendant to withdraw his plea, a trial would be necessary, which would expend additional judicial resources and the government likely would be prejudiced because of the passage of time. See, e.g., United States v. Abston, No. 12-13807, 2013 WL 5068189, at *2 (11th Cir. Sept. 16, 2013). Additionally, the government pointed out prejudice since it would be allowed to bring additional charges and would have to resume its interrupted investigation.

After considering the facts and circumstances of the case, the Court will deny defendant's motions to withdraw his guilty pleas.

**IV.**

In light of the denial of defendant's motions to withdraw his guilty pleas, the Court finds no reason to allow defense counsel to withdraw. Those motions will be denied.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Withdraw Plea of Guilty and Request for a Jury Trial (Doc. #30) is **DENIED.**

2. Defendant's Motion to Withdraw as Counsel (Doc. #31) is **DENIED.**

3. Defendant's Amended Motion to Withdraw Plea (Doc. #33) is **DENIED.**

4. Defendant's Amended Motion to Withdraw [as Counsel] (Doc. #42) is **DENIED.**

5. The sentencing hearing set for December 23, 2013 is **CANCELLED.** Sentencing shall be on **January 3, 2014 at 1:30 p.m.** before the undersigned. A separate notice will issue.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of December, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record